UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COREY MIDDLETON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 3:17-CV-358-JD-MGG |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Corey Middleton, a prisoner without a lawyer, filed an amended petition under 28 U.S.C. § 2254 challenging his prison disciplinary hearings in ISP 17-04-17, ISP 17-04-18, and ISP 17-04-19 where a Disciplinary Hearing Officer (DHO) found him guilty of violating Indiana Department of Correction (IDOC) policies A-121, B-220, and B-240/B202. ECF 4 at 1. As a result, he was sanctioned with the loss of earned credit time and was demoted to a lower credit class.

Middleton's disciplinary charges arose out of an incident in which he was discovered to be the owner of a cell phone that had been smuggled into the prison. Middleton was disciplined both for possession of the phone, as well as for the prohibited activity he conducted using the cell phone. At the time Middleton was screened for the three charges, he had the opportunity to request evidence or witnesses in his defense. He requested surveillance video footage from the incident in question. ECF 17-2, 17-8, 17-14. He also requested a detailed written summary of the Internal Affairs investigation. The DHO who presided over his hearings reviewed both the investigation file and the surveillance video footage. However, the DHO did not permit Middleton to personally review this evidence. Middleton claims that he was improperly denied access to this evidence.

While Middleton had a right to request evidence in his defense, *see Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), he did not necessarily have a right to personally review the evidence. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . ."). Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.2d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996).

Middleton was not entitled to the video surveillance footage because it was not relevant or exculpatory. After reviewing the surveillance footage, the DHO determined that it was not relevant because it did not capture the incident at issue. This court has also reviewed the surveillance footage and finds that the DHO did not err in denying Middleton's request.

Middleton also did not have a right to personally review the confidential Internal Affairs investigation file. This file contains information regarding other prisoners, as well as detailed information regarding Middleton's attempt to possess controlled substances. The DHO did not err in determining that it posed a security threat to release this information to Middleton, who was being disciplined for his unauthorized possession of the information in the first instance. It also would have provided Middleton with insight into the investigation techniques employed by the Internal Affairs investigators. Revealing such investigation methods to prisoners poses an obvious security threat, as it may assist prisoners in more effectively circumventing detection in the future. Thus, Middleton did not have a right to personally review the information contained in the investigation file.

Middleton argues that he needed to review the investigation file in order to identify witnesses to call in his defense. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Moreover, prison officials are provided great deference in their decisions to limit this right based on the administrative or security needs of the facility. An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566–67. Middleton had the opportunity to request witnesses in his defense at the time of his screening, or prior to the day of his hearing. He did not do so. He thus cannot now claim that he was denied the right to call witnesses in his defense on the basis that he was not provided with the investigation file. He did not require the investigation file to call witnesses in his defense. To the extent that he sought the investigation file in order to cross-examine any witnesses against him, he did not have a due process right to confront the witnesses against him. *Id.* at 568.

Middleton's final claim is that he is entitled to habeas corpus relief because he did not receive a sufficiently detailed description of the DHO's findings. While Middleton had a right to a "written statement by the factfinder[] as to the evidence relied on and the reasons for the disciplinary action," *id.* at 563, he received such written statements in each of the three cases. While Middleton may have preferred a more detailed explanation of why the DHO was not persuaded to find in his favor, his due process right was nevertheless satisfied by the explanation he was given. Moreover, while he claims that he was entitled to a more detailed summary pursuant to IDOC policy, IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for

3

federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Thus, Middleton is not entitled to habeas corpus relief.

If Middleton wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit C*ourt, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the amended habeas corpus petition (ECF 4) is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Corey Middleton is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

ENTERED: October 31, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court